IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 18-cv-01003-REB-STV

MARK PALMER,

    Plaintiff,

v.

THE CITY & COUNTY OF DENVER, et al.,

    Defendants.

## ORDER RE: OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Blackburn, J.

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#97],[1] filed January 8, 2019; (2) movants Amy Edinger, Suzanne Iversen, Garry Hinterliter (misidentified in the caption as "Gary Hinderlighter"), Chiquita McGowin, Ranae Taylor, Rebecca Balu, Kathleen McCleary, Cindy Ackerman, Ryan Brand (misidentified in the caption as "Ryan Brandt"), and Kristen Merrick's **Objection By Special Appearance to Recommendation of United States Magistrate Judge [ECF 97]** [#107], filed January 18, 2019; and (3) the objections to the magistrate judge's recommendation set forth in **Plaintiff Motion To Reject Magistrate Varholak Docket #97** [#110], filed February 1, 2019. Exercising my discretion under D.C.COLO.LCivR 7.1(d), I rule on the objections without awaiting the benefit of responses from either

---

[1] "[#97]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

plaintiff or defendants.  I overrule plaintiff's objections; sustain defendants' objections; approve and adopt the recommendation in part and respectfully reject it in part; deny the substantive motions addressed by the recommendation; and dismiss without prejudice the claims against all defendants who have not been properly and timely served.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which timely objections have been filed.  I have considered carefully the recommendation, the objections, the underlying motions and responses, and all applicable caselaw.  Substantively, the recommendation is thorough and well-reasoned, and, after de novo review, I approve and adopt its conclusions insofar as they address the merits of plaintiff's pending motions.  However, based on the record before me, as recounted more fully below, I respectfully must reject the recommendation to afford plaintiff one final opportunity to attempt to effect proper service of process.

Because plaintiff is proceeding *pro se*, I construe his pleadings and papers more liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, his putative objections to the recommendation were filed out of time, without explanation or, apparently, even awareness.  The magistrate judge specifically advised the parties, as required by **Moore v. United States**, 950 F.2d 656, 659 (10th Cir. 1991) (**see**

**Recommendation** at 8 n.4), that the failure to file timely and specific objections would bar *de novo* review by this court, ***see United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th Street, Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir.), **cert. denied**, 117 S.Ct. 271 (1996). Plaintiff's *pro se* status does not absolve him of the responsibility to comply with the Federal Rules of Civil Procedure. **Nielsen v. Price**, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (citation and internal quotation marks omitted). Thus, I would overrule plaintiff's objections on procedural grounds alone.

Even were I to consider those objections substantively, however, they are meritless.² With respect to plaintiff's motion to proceed *in forma pauperis*, the law of this circuit, as cited by the magistrate judge, could not be clearer: payment of the filing fee moots any request for indigent status. **Burgess v. Daniels**, 578 Fed. Appx. 747, 750-51 (10th Cir. Aug. 19, 2014) ("[P]anels of this court have uniformly held that payment of filing fees causes requests to proceed IFP to become moot;" citing numerous cases). Thus, having paid the filing fee to initiate this case, plaintiff cannot now claim to be too indigent to prosecute it.

Yet even considered on the merits, plaintiff's motion does not establish an entitlement to proceed IFP. After taxes, an individual living in Massachusetts earning plaintiff's salary of $45,000 a year (**see** [#9] at 1) would net $35,677. **See** neuvoo,

---

² Plaintiff's representations as to whether he "approved" the version of the Amended Complaint docketed as document 20 or whether other docket entries are properly designated have no obvious bearing on any issue raised by or inherent to the magistrate judge's resolution of the three motions referred to him. I therefore do not consider them.

Income Tax Calculator, Massachusetts, USA (available at: https://neuvoo.com/tax-calculator/Massachusetts-45000) (last accessed February 5, 2019). That figure equates to nearly $3,000 a month in take-home pay. By contrast, plaintiff reports only $906.00 in monthly expenses (*see* [#9] at 3), leaving some $2,000 a month in disposable income. Plaintiff thus has not substantiated his claim of indigence and is not entitled to proceed IFP.

Regarding his motion for service by the United States Marshal, plaintiff protests only that the magistrate judge's view was "uninformed" by the application to proceed IFP. For the reasons set forth above, plaintiff has not shown he lacks the funds necessary to serve defendants without the aid of the Marshal. The so-called "special circumstances" plaintiff suggests warrant alternative means of service are discussed more fully below.[3] Suffice to say here, they do not justify resort to court-assisted service of process. For these reasons, I overrule plaintiff's objections.[4]

For their part, defendants object to the recommendation only insofar as it suggests plaintiff be afforded an additional three weeks in which to attempt once more to serve them. After reviewing the record in this case, I find this objection to have traction. I therefore respectfully reject this portion of the recommendation and order

---

[3] Although plaintiff suggests the magistrate judge has not ruled on his motion for substitute service by mail ([#51]), he is mistaken. The magistrate judge denied that motion substantively on the record during the status conference on January 7, 2019 ([#95]).

[4] Plaintiff proffers no objection to the magistrate judge's recommendation to deny his motion to change venue to Massachusetts. I find no error, much less plain error, in that conclusion. Nothing in the motion suggests any defendant has the kind of contacts, either specific or general, with Massachusetts that would make assumption of jurisdiction over them proper in that forum, as the magistrate judge ably explained. The mere fortuity that plaintiff now happens to reside outside Colorado does not justify requiring these Colorado defendants, in a case arising entirely from actions that occurred allegedly in this state, to try this case in a distant, wholly unrelated forum simply for plaintiff's convenience.

plaintiff's claims against these movants, as well as all other defendants who have not been served properly, dismissed without prejudice.

The operative complaint in this matter was filed on July 26, 2018. Thereafter, plaintiff had 90 days – or until October 24, 2018 – to serve defendants. *See* **FED. R. CIV. P.** 4(m). When he did not, the magistrate judge issued a recommendation that the case be dismissed ([#32]), which this court followed with an **Order To Show Cause** ([#33]) why the case should not be dismissed for failure to effect timely service of process. I discharged that order (*see* [#35]) after plaintiff assured me the summonses were in the hands of a process server at the time he received the magistrate judge's recommendation to dismiss and simply awaiting his instruction to be delivered (*see* [#34]). I granted him an extension of the deadline to December 13, 2018, service.

On or about that date, plaintiff sent a series of *ex parte* communications to the email account of the magistrate judge's chambers. (*See* [#43].) The magistrate judge ordered these improperly submitted documents to be placed on the public docket. They included "notices" ostensibly showing that plaintiff had attempted to serve movants Ms. Edinger ([#50-5]), Ms. Iversen ([#50-4]), Ms. McGowin ([#50-3]), Ms. Balu ([#50-7]), Ms. McCleary ([#50-8]), Ms. Ackerman ([#50-11], and Mr. Brand ([#50-12]) by United States mail.[5] As the magistrate judge clearly advised plaintiff at that time, service by mail was not proper. Rather than attempt serve defendants as required by Rule 4(m), however, plaintiff instead moved first for an exemption from that requirement to allow him to file by

---

[5] The record reflects no attempts to serve, properly or otherwise, Mr. Hinterliter, Ms. Taylor, or Ms. Merrick. There is also no evidence that defendant Career Service Authority has ever been served.

mail (*see* [#51]), and then for service by the United States Marshal (*see* [#65]).

The alleged "exceptional circumstances" which plaintiff suggested warranted these requested exemptions (for which there is no actual legal authority) were only exceptional insofar as they were wholly brought on by plaintiff himself. The email chain between plaintiff and his Denver-based process server, appended to plaintiff's motion for service by mail, shows that after the City and County of Denver (through the Mayor's Office) refused to accept service of process on behalf of those defendants who were no longer employed by the City, the process server was poised to attempt service on these individuals at their home addresses on or about November 29, 2018. (*See* [#51] at 6.) Instead, plaintiff questioned why the City had directed service to the Mayor's Office and ordered the process server to halt further efforts to serve "[u]ntil I hear answers." (*Id.* at 6-7.) Thereafter, plaintiff was more focused on berating the process server, through increasingly vitriolic attacks, than on serving defendants properly.[6]

It therefore appears to this court that plaintiff has not attempted in good faith to properly serve these defendants. It has now been nearly 200 days since this action was filed, with no proper service ever having been attempted on these defendants, for reasons that appear to this court to have little relation to plaintiff's professed indigence

---

[6] Plaintiff refused to accept the process server's response that directing process to the Mayor's Office was the City's standard policy in accepting service and instead demanded she get "full contact information for the person telling you to go the Mayor's Office," barring which, plaintiff threatened to report the matter both to this court and to the FBI. (*See* [#51] at 8-9.) He then launched a protracted, angry email diatribe on the process server, in which he, *inter alia*, claimed she was holding his documents for ransom (*id.* at 10), accused her of "obstruction of justice" and "fraudulent business practices" (*id.*), and threatened legal action against her unless she returned his payment (*id.* at 12). Even after the process server returned the unserved subpoenas and affidavits along with a check for those that had not been served, plaintiff continued to berate her with increasingly virulent threats of legal action, demanding "clean copies" of the affidavits, i.e., copies that did not have the handwritten notation "old summons" on them (although according to the process server, that notation was added only to what was, in fact, an old summons). (*Id.* at 13-18.)

6

or any intransigence by the process server and more to do with plaintiff's own obstinance and inability to overcome momentary frustration or accept neutral explanations. The circumstances outlined above do not show good cause for the failure to serve, as required by Rule 4(m) to justify a further extension of the deadline. Indeed, it appears clear plaintiff has no intention of serving these defendants properly. I see little to be gained by affording him additional time when he has shown no inclination to comply with the law or the duly issued orders of the court in any event.

I therefore respectfully reject the magistrate judge's recommendation to extend the deadline for service any further, and will order plaintiff's claims against all unserved defendants dismissed without prejudice for failure to effectuate timely and proper service of process.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#97], filed January 8, 2019, is approved and adopted as an order of this court in part and, respectfully, rejected in part, as follows:

> a. That the recommendation is approved and adopted as an order of this court as to the substantive resolution of the pending motions referred to the magistrate judge for recommendations; and
>
> b. That the recommendation is respectfully rejected insofar as it recommends plaintiff be afforded additional time in which to effectuate service of process;

2. That the objections to the recommendation set forth in **Plaintiff Motion To Reject Magistrate Varholak Docket #97** [#110], filed February 1, 2019, are overruled;

3. That the objections stated in the **Objection By Special Appearance to Recommendation of United States Magistrate Judge [ECF 97]** [#107], filed January 18, 2019, is sustained;

4. That plaintiff's **Motion To Proceed *In Forma Pauperis*** [#9], filed June 5, 2018, is denied;

5. That plaintiff's **Motion: Request Marshall** [*sic*] **Service of Summons Upon Defendants** [#65], filed December 24, 2018, is denied;

6. That **Plaintiff Request To Change Venue to District of Massachusetts** [#91], filed January 4, 2019, is denied; and

7. That plaintiff's claims against defendants, Amy Edinger; Suzanne Iversen; Garry Hinterliter (misidentified in the caption as "Gary Hinderlighter"); Chiquita McGowin; Ranae Taylor; Rebecca Balu; Kathleen McCleary; Cindy Ackerman; Ryan Brand (misidentified in the caption as "Ryan Brandt"); Kristen Merrick; and the Career Service Authority, are dismissed without prejudice for failure to effect timely or proper service of process.

Dated February 6, 2019, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge