IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 18-cv-01003-REB-STV

MARK PALMER,

    Plaintiff,

v.

THE CITY & COUNTY OF DENVER, et al.,

    Defendants.

## ORDER

**Blackburn, J.**

The matter before me is **Plaintiff** [*sic*] **Demand for Jury Trial on All Issues** [#150],[1] filed April 22, 2019, which I construe as a motion for reconsideration under Fed. R. Civ. P. 59(e).[2] I deny the motion.

Because plaintiff is proceeding *pro se*, I have construed his pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Nevertheless, the bases for

---

[1] "[#150]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Consideration under Rule 59(e) is appropriate because this motion was filed within 28 days of the date of the **Final Judgment** [#149], filed April 10, 2019.

granting reconsideration under Rule 59(e) are limited to situations involving "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." **Id.**

None of these circumstances pertains here. Instead, Mr. Palmer simply rehashes a number of familiar arguments this court has considered and rejected already in this case. **See id.** (Reconsideration not warranted "to revisit issues already addressed or advance arguments that could have been raised in prior briefing)." Those arguments are no more compelling for the repetition than they were on initial examination. Thus, the motion will be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiff** [*sic*] **Demand for Jury Trial on All Issues** [#150], filed April 22, 2019, construed as a motion for reconsideration, is denied.

Dated April 24, 2019, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge